UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PLUMBERS AND STEAMFITTERS LOCAL 60 PENSION TRUST,**<br><br>   Plaintiff,<br><br>   v.<br><br>**META PLATFORMS, INC. (f/k/a FACEBOOK, INC.), ET AL.,**<br><br>   Defendants. | Case No.  4:22-cv-01470-YGR<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL**<br><br>Re: Dkt. Nos. 10, 13, 17, 20, 37-39, & 41 |

Menora Mivtachim Insurance Ltd. ("Menora Insurance"), Menora Mivtachim Pensions and Gemel Ltd. ("Menora Pensions & Gemel" and, collectively with Menora Insurance "Menora"), The Phoenix Insurance Company, Ltd. ("Phoenix Insurance"), and The Phoenix Provident Pension Fund Ltd. ("Phoenix Pensions" and, collectively with Phoenix Insurance, "Phoenix") have moved pursuant to section 21D(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) appointing Menora and Phoenix as co-lead plaintiffs in the above-captioned action on behalf of all persons who purchased or otherwise acquired the securities of Meta Platforms, Inc. ("Meta") between March 2, 2021 and February 2, 2022; and (2) approving Menora and Phoenix's selection of Pomerantz LLP ("Pomerantz") as lead counsel.  Menora and Phoenix's motion is unopposed.  (Dkt. Nos. 37-39, 41).  For the reasons set forth below, Menora and Phoenix's motion is **GRANTED**.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  The hearing was previously vacated by stipulation.  (Dkt. No. 49.)

## I. APPOINTMENT OF LEAD PLAINTIFF

The PSLRA instructs district courts "to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).[2] The "most capable" plaintiff is generally "the one who has the greatest financial stake in the outcome of the case, so long as [the plaintiff] meets the requirements of [Federal Rule of Civil Procedure] 23." *Id.* "In other words, the district court must compare the financial stake of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information [plaintiff] has provided in [its] pleadings and declarations, whether [it] satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730.

Menora and Phoenix submitted a declaration certifying that they suffered incurred losses of approximately $74,201,705 calculated on a first-in, first-out basis, or $47,390,623 calculated on a last-in, first-out basis during the relevant time period. (*See* Dkt. No. 17-2; 17-3.) Three other movants that timely sought to be appointed lead plaintiffs conceded that on the motions, Menora and Phoenix had the largest financial stake with the most financial loss. (Dkt. Nos. 37-39.) The Court has reviewed the supporting materials and finds that Menora and Phoenix has alleged the most financial loss.

Next, Menora and Phoenix have made a *prima facie* showing of typicality and adequacy under Rule 23(a). The typicality requirement is readily satisfied as Menora and Phoenix's claims arise out of the same events and are based on the same legal theories as the claims of other class members. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."). The Court is similarly satisfied that Menora and Phoenix

---

[2] Section 78u-4(a)(3)(A)(i)(I)-(II) requires that notice of the pending action be posted so purported class members can move for lead plaintiff appointment. The complaint was filed in this Court on March 8, 2022. Notice was then timely published on the same day via the *Business Wire*. Movants then timely filed this motion within sixty days from the publication as required by the PSLRA.

1  will adequately represent the interests of class members.  Based upon the record submitted in
2  connection with the motion, Menora and Phoenix are sophisticated institutional investors, and, as
3  the pending motion highlights, institutional investors are the type of typical sophisticated market
4  participant Congress intended to take on the role of lead plaintiff.
5      The fact that Menora and Phoenix are being grouped as co-plaintiffs does not change the
6  result.  In grouping plaintiffs, courts often consider "(1) the existence of a pre-litigation
7  relationship between group members; (2) involvement of the group members in the litigation thus
8  far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members
9  chose outside counsel, and not vice versa." *Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021
10 U.S. Dist. LEXIS 164034, at *23-24 (N.D. Cal. Aug. 30, 2021) (citation omitted); *see also Mersho*
11 *v. United States Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021) (recognizing that "the [PSLRA]
12 expressly allows a 'group of persons' to move for appointment" as lead plaintiff).  The record here
13 shows that Menora and Phoenix have a pre-existing relationship, including protecting investor
14 interests as lead plaintiffs in other PSLRA actions, which further adds to their sophistication in
15 litigating pursuant to the PSLRA.  (*See* Joint Declaration, Dkt. No. 17-6 at ¶¶ 2, 5.)  Furthermore,
16 representatives from Menora and Phoenix deliberated on a conference call to devise a litigation
17 strategy, and agreed on the retention of Pomerantz as outside counsel.  (*Id.* ¶¶ 6-7.)
18     The Court is similarly satisfied that Menora's and Phoenix's attorneys appear competent
19 and there is no suggestion of any antagonistic interests or collusive action.  Demonstrating their
20 competency, Pomerantz has previously assisted Menora and Phoenix in PSLRA litigation on
21 behalf of shareholders.  (*Id.* ¶ 7; *see also* Firm Resume, Dkt. No. 17-7.)  As the plaintiffs with the
22 highest financial interest, Menora and Phoenix have a strong incentive to pursue vigorously a
23 substantial recovery for all putative class members.  *See Takeda v. Turbodyne Techs., Inc.*, 67 F.
24 Supp. 2d 1129, 1135 (C.D. Cal. 1999) ("The Ninth Circuit has held that representation is
25 'adequate' when counsel for the class is qualified and competent, the representative's interests are
26 not antagonistic to the interests of absent class members, and it is unlikely that the action is
27 collusive.") (citing *In re N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847,
28 855 (9th Cir. 1982)).

Accordingly, the Court finds that Menora and Phoenix are the appropriate lead plaintiffs.

## II. APPROVAL OF SELECTION OF LEAD COUNSEL

Section 78u-4(a)(3)(B)(v) provides: "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Here, Menora and Phoenix have selected Pomerantz to serve as lead counsel. Pomerantz appears to have significant experience litigating securities class actions. (Dkt. No. 17-7.) Because Menora and Phoenix have made a "reasonable choice of counsel," the Court will "defer to that choice." *See Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

## III. CONCLUSION

In sum, for the foregoing reasons, the Court **GRANTS** Menora and Phoenix's motion for appointment as lead plaintiffs and for approval of selection of lead counsel. The Court **APPOINTS** Menora and Phoenix as co-lead plaintiffs and **APPOINTS** Pomerantz as lead counsel to represent the putative class. As set forth by prior order and stipulation at Docket Number 49, defendants and lead counsel shall confer no more than 15 days after this order and submit a proposed scheduled.

This Order terminates Docket Numbers 10, 13, and 20.

**IT IS SO ORDERED.**

Dated: June 6, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE